**In re PETITION FOR DISCIPLINARY ACTION AGAINST Steven T. APPELGET, an Attorney at Law of the State of Minnesota.**

No. C9–99–2181.

Supreme Court of Minnesota.

Nov. 30, 2001.

---

ORDER

PAUL H. ANDERSON, Associate Justice.

The Director of the Office of Lawyers Professional Responsibility has filed a petition for extension of probation alleging that respondent Steven T. Appelget has committed professional misconduct warranting public discipline, namely, that the respondent failed to cooperate with the Director's Office in monitoring his probation, failed to maintain required trust account books and records, and failed to rectify shortages in his attorney trust account, in violation of the terms of his January 10, 2000, court-ordered probation and Minn. R. Prof. Conduct 1.15 and 3.4(c).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is extension of respondent's current supervised probation for a period of two additional years subject to the following conditions:

1. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

2. Respondent shall promptly respond to the Director's correspondence. All correspondence shall be sent to the respondent by certified mail. In addition, respondent shall receive a copy of all correspondence by regular United States mail. Respondent shall have seven business days by which to respond to the Director's correspondence unless otherwise specified by letter.

3. Respondent shall abide by the Minnesota Rules of Professional Conduct.

4. Respondent shall be supervised by John M. Koneck, or [an]other licensed Minnesota attorney approved by the Di-

rector, to monitor compliance with the terms of this probation.

5. Respondent shall cooperate fully with the supervisor in his efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

6. Respondent shall have seven business days by which to respond to correspondence from his supervisor that requests information or scheduling of an appointment.

7. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

8. Within thirty days from the execution of this stipulation, respondent shall provide to the Director and to the probation supervisor a current written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

9. Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Lawyers Professional Responsibility Board Opinion No. 9. In particular, respondent shall not use his trust account as a business account; shall have an operating business account and will use it appropriately; and shall not use his trust account for any purposes other than those stated in the above-referenced rule and opinion. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, service charges and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director regularly on a quarterly basis, or at more frequent intervals as may be reasonably requested by the Director.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Steven T. Appelget is placed on supervised probation for an additional two years subject to the agreed-upon terms set forth above.